UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADWARD A. ALSHIMARI,

        Plaintiff,                        Case No. 14-cv-10778
                                              HON. GERSHWIN A. DRAIN
v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#22], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#17], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#21]**

**I.    INTRODUCTION**

This matter is before the Court on the Parties' Cross-Motions for Summary Judgment as to Plaintiff Adward A. Alshimari's claim for judicial review of Defendant, the Commissioner of Social Security, and her denial of Plaintiff's application for supplemental security income benefits (SSI). Dkt. Nos. 17, 22. The matter was referred to Magistrate Judge Charles E. Binder. *See* 28 U.S.C. § 636(b)(1)(B), E.D. Mich. L.R. 72.1(b)(3). Magistrate Judge Binder issued a Report and Recommendation on November 21, 2014, recommending that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the Commissioner's findings. Dkt. No. 22.

On December 5, 2014, Plaintiff Alshimari filed an Objection to the Magistrate Judge's Report and Recommendation. Dkt. No. 24. On December 19, 2014, the Commissioner filed a Response to Plaintiff's Objection to the Report and Recommendation. Dkt. No. 25.

1

For the reasons discussed below, the Court accepts and adopts the Magistrate Judge's Report and Recommendation. The Court concludes that substantial evidence supports the Commissioner's findings and warrants entry of judgment in favor of the Commissioner.

## II.   FACTUAL BACKGROUND

Plaintiff Alshimari is a 49-year-old man,[1] who completed the twelfth grade in Iraq; Arabic is his native language. On June 1, 2011, Plaintiff Alshimari alleged that he became unable to work on this date, and also filed an application for SSI benefits. On April 1, 2013, Administrative Law Judge ("ALJ") David F. Neumann conducted a hearing, considering the application *de novo*. At the hearing before the ALJ, Plaintiff testified that his back pain started in 1992, and that he has pain in both legs. Plaintiff also testified that he wears compression socks that were prescribed to him by his doctor; he further testified to his history with medical practitioners and procedures.

On May 24, 2013, ALJ Neumann decided that Plaintiff was not under a disability, within the meaning of the Social Security Act ("SSA"), at any time from June 1, 2011 until May 24, 2013. On October 25, 2013, the Social Security Commissioner adopted the ALJ's decision as its final decision; the Appeals Council denied Plaintiff's request for review. On February 19, 2014, Plaintiff filed the instant action, seeking judicial review of the Commissioner's final decision. On November 21, 2014, Magistrate Judge Binder recommended that the Court deny Plaintiff's Motion for Summary Judgment on the ground that the ALJ's decision to deny benefits was supported by substantial evidence. Plaintiff now objects to the Magistrate Judge's recommendation.

---

[1] Plaintiff was 49 years old at the time of the administrative hearing, which took place on April 1, 2013.

**III.     DISCUSSION**

    **1.  Standard of Review**

        **a.  Judicial Review**

Pursuant to the United States Code, a district court judge may designate a magistrate judge to conduct hearings and to submit proposed findings of fact and recommendations for the disposition of any motion concerning certain pretrial matters.  *See* 28 U.S.C. § 636(b)(1)(B).

After the magistrate judge has entered a Report and Recommendation, the Code states:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

In conducting a judicial review of the Commissioner's decision, a court must find conclusive the findings of fact made by the Commissioner, if those facts are supported by substantial evidence.  *See* 42 U.S.C. 405(g), *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1987).  In addition, the court must affirm the Commissioner's decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole."  *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir.1987) (citing *Shaw v. Schweiker*, 730 F.2d 462 (6th Cir. 1984)); *see also, id*. Substantial evidence is "more than scintilla … but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  There is no requirement, however, that either the ALJ or the reviewing court discuss each piece of evidence in the administrative record.  *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006).

"The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1936) (en banc) (citations omitted)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would have decided the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence supports another conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

  b. **Governing Law**

Under the United States Code, the term disability is defined as:

> [An] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [12] months.

42 U.S.C. 1382c(a)(3)(A), 20 C.F.R. 416.905(a)(SSI). Plaintiff seeks a *de novo* review of the Magistrate Judge's recommendation, which affirmed the ALJ's decision that Plaintiff's disability does not fall within the scope of the SSA's definition of the term.

 **2. Legal Analysis**

This Court finds that there exists substantial evidence in the record to support the denial of Plaintiff's application for SSI benefits. The Court further finds that the ALJ's decision to deny Plaintiff SSI benefits was not error.

Plaintiff Alshimari makes three objections to the Magistrate Judge's Report and Recommendation. Plaintiff first objects to the Administrative Law Judge's ("ALJ") credibility determination in regard to Plaintiff's ability to understand English. Plaintiff then objects to the ALJ's residual functional capacity ("RFC") assessment, arguing that it was not supported by

4

substantial evidence. As a final matter, Plaintiff objected to the ALJ's reliance on the vocational expert's testimony that Plaintiff could perform a significant number of jobs in the economy.

A review of the record, however, shows that the ALJ's findings in each instance, as outlined by Plaintiff, was supported by substantial evidence. The Court reviews each objection in turn.

### a. The Administrative Law Judge did not err in the credibility determination in regard to Plaintiff's ability to understand English.

Plaintiff contends that the Magistrate Judge concedes that the record was unclear as to whether Plaintiff had the ability to communicate, speak, and/or write in English. Contrary to Plaintiff's argument, however, the ALJ did not find this determination of English-language literacy relevant to Plaintiff's ability to work according to his RFC. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). The ALJ made a factual determination that Plaintiff's RFC limited the Plaintiff to work, which does not require use of the English language. *See id.* This central determination was supported by substantial evidence. This evidence included a proper reliance on the vocational expert's testimony that Plaintiff can perform a significant number of jobs in the economy. The Court next reviews the appropriateness of the ALJ's reliance on the vocational expert's testimony.

### b. The ALJ's reliance on the vocational expert's testimony was appropriate.

Plaintiff contends that the ALJ erroneously adopted the vocational expert's testimony. Plaintiff further contends that the three jobs identified by the vocational expert did not meet the limitations of the ALJ's RFC assessment. Again, however, there is no requirement that either the ALJ or the reviewing court discuss each piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006). For example, the vocational expert testified that there existed 8,500 jobs in the state for cleaners. Plaintiffs do not

object to the sufficiency of this job listing. Despite Plaintiff's objection, the vocational expert's testimony is sufficient to meet the substantial evidence requirement.

Furthermore, the Court is inclined to agree with the Defendant that, "…*de novo* review by the district court if timely objections are filed, absent compelling reasons, […] does not allow parties to raise at the district court stage new arguments that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000); *see also Murphy v. The Proctor Gamble Co.*, 695 F.Supp.2d 600, 603 (E.D. Mich. 2010).

### c. The ALJ's RFC assessment was supported by substantial evidence.

Plaintiff contends, as a final matter, that the ALJ's finding – that there exist a significant number of jobs in the economy – was not supported by substantial evidence. In his Motion for Summary Judgment, however, Plaintiff only argues that the ALJ's RFC assessment did not accommodate Plaintiff's limitations; in other words, Plaintiff argued that he was more limited in his ability to work than the findings made by the ALJ's RFC assessment. Plaintiff did not argue, as he does in his Objection, that in light of the RFC assessment, that there does not exist a significant number of jobs in the economy for which Plaintiff could engage. This argument is a new one. As mentioned above, "…*de novo* review by the district court if timely objections are filed, absent compelling reasons, […] does not allow parties to raise at the district court stage new arguments that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000); *see also Murphy v. The Proctor Gamble Co.*, 695 F.Supp.2d 600, 603 (E.D. Mich. 2010). As a result, the Court declines to conduct judicial review upon a record that was not before the preceding decision-makers.

**IV. CONCLUSION**

Upon review of the Parties' briefing and the Magistrate Judge's Report and Recommendation, the Court concludes that the Magistrate Judge reached the correct conclusion. The Court hereby **ACCEPTS** and **ADOPTS** Magistrate Judge Binder's November 21, 2014 Report and Recommendation [#22] as this Court's findings of fact and conclusions of law. Defendant's Motion for Summary Judgment [#21] is **GRANTED**. Plaintiff's Motion for Summary Judgment [#17] is **DENIED**.

Accordingly, Plaintiff's Objection [#24] is **OVERRULED**.

This cause of action is **DISMISSED**.

IT IS SO ORDERED.

Dated: January 6, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
UNITED STATES DISTRICT COURT JUDGE

7